IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CAPPIE PONDEXTER, NIKYAMICHA HAMPTON, and CRISHAWN CRESWELL, individually and on behalf of others similarly situated, | )<br>)<br>)<br>)<br>) CASE NO. 1:14-cv-3812 |
| Plaintiffs, | )<br>) |
| v. | ) Judge Harry Leinenweber<br>) |
| CASHEURONET UK, LLC, CNU ONLINE HOLDINGS, LLC, and ENOVA INTERNATIONAL, INC., | ) Magistrate Judge Sheila Finnegan<br>)<br>)<br>) |
| Defendants. | ) |

## ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

Plaintiffs Cappie Pondexter, Nikyamicha Hampton, and Crishawn Creswell and Defendants Casheuronet UK, LLC, CNU Online Holdings, LLC, and Enova International, Inc. have reached a proposed Settlement Agreement resolving all claims in this lawsuit. The Plaintiffs have filed a motion for final approval of the proposed Settlement Agreement, pursuant to Rule 23(e) of the Federal Rules of Civil Procedure. Having reviewed the Plaintiffs' motion and having held a public hearing on the fairness of the Settlement Agreement, with counsel for all parties present, the Court orders as follows:

1. Pursuant to the Court's September 9, 2015 Order, the Court defines the Settlement Classes as follows:

> all individuals who worked for one of the Defendants between May 23, 2011 and June 6, 2014, who were paid on an hourly basis, and who, during that time, worked a total of more than forty hours in a single workweek according to Defendants' payroll records.

2. The Court finds that the Settlement Administrator has met all requirements the Court set forth in its Order Granting Preliminary Approval of the Settlement, including dissemination of the Class Notice and verifying addresses of Class Members whose notices were returned as undeliverable. The Court finds that the direct-mail notice program used in this case satisfies Rule 23(e) of the Federal Rules of Civil Procedure and the Due Process Clause of the United States Constitution.

3. The Court finds that Defendants have met all the requirements of the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1715.

4. The Court has determined the terms of the settlement to be a fair, reasonable, and adequate resolution of this matter.

5. The Court directs payment to Class Counsel a total sum of $98,000.00, which amounts to 22% of the common fund created by the Settlement Agreement. The Court finds that this award of attorneys' fees, costs, and expenses is less than or equal to the market rate of Plaintiffs' attorneys' services had their fee been negotiated with the purported class at the outset of the litigation. This payment shall occur no later than forty days after the entry of this order.

6. The Court directs payment to KCC in the amount of $22,000 for the work that it has performed and will perform as Settlement Administrator.

7. The Court directs payment in the amount of $2,000 each to Cappie Pondexter, Nikyamicha Hampton, and Crishawn Creswell over and above the amount that they are entitled to by virtue of their status as a Class Member. This payment shall occur no later than forty days after the entry of this order.

8. The Court directs KCC to issue checks to all Class Members who did not timely opt out of the Settlement. KCC shall mail these checks to Class Members no later than forty days

after the entry of this Order. The Settlement Amounts awarded to each Class Member are listed in Exhibit A to the Parties' Settlement.

9. The Court hereby dismisses this case with prejudice against all Defendants. All Class Members herein release and forever discharge Defendants and the other Released Parties from claims outlined and described in Section IV.4.A of the Settlement Agreement. All Named Plaintiffs herein release and forever discharge Defendants and the other Released Parties from claims outlined and described in Section IV.4.B. of the Settlement Agreement.

ENTERED:

Dated: 12/1/15

_____
United States District Court
HARRY D. LEINENWEBER